UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS SEALS,             CIVIL NO. 2:12-CV-10927
                                       HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE
           Plaintiff,
vs.

DR. V. STEVENSON, et. al.,

           Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On March 7, 2012, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $ 350.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. The order of deficiency also required plaintiff to provide the addresses of the defendants whom he wished to sue within thirty days of the date of the order or the complaint would be dismissed without prejudice against these defendants. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information. For the reasons stated below, the complaint is dismissed with prejudice.

I. DISCUSSION

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended); *see also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee

1

and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth,* 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

In the present case, although plaintiff has submitted a copy of a signed certification of his trust account from an authorized prison official and a current computerized trust fund statement, plaintiff failed to file an application to proceed *in forma pauperis*, nor did he file an authorization to withdraw funds from his prison trust account. The Court will dismiss the complaint for want of prosecution, because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).

Plaintiff has also failed to provide the Court with the addresses of the defendants whom he wishes to sue. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the

district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Plaintiff has failed to provide the Court with the addresses of the defendants whom he wishes to sue. In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). Plaintiff was given thirty days to comply with the order but failed to do so. Courts have upheld the dismissal of a *pro se* prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against. *See Jaakkola v. Snyder,* 889 F.2d 1087, *1 (6th Cir. 1989) (unpublished table decision).

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for plaintiff's failure to comply with the filing requirements of the Prison Litigation Reform Act. The Court further **DISMISSES** the complaint for plaintiff's failure to provide the Court with the addresses of the defendants whom he wished to sue. Because the case is being dismissed in part for failing to comply with the filing requirements of the PLRA, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore,* 114 F.3d at 605.

_____
HON. PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 5-7-12

3